IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NICHOLAS KING,

    Plaintiff,

vs.

MODIS, INC.,

    Defendant.

Case No. No. 1:19-cv-00848

Judge Timothy S. Black

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the following terms:

**1. Scope.** All documents produced in the course of discovery, informally during this litigation, initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings, this Order shall be construed in favor of public disclosure and open proceedings. The Order is also subject to the Local Rules on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. The designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Notwithstanding anything in this Order to the contrary, all documents produced by a third party pursuant to an authorization executed by Plaintiff, including medical and employment records, shall be deemed confidential and restricted in disclosure under this Order.

**3. Documents That May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents constitute or contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or

psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

**4. Documents That May be Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.** Any party may designate documents as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY upon making a good faith determination that the documents constitute or contain information trade secrets or other confidential research, development, technical, proprietary, financial, competitive, or commercially sensitive competitive information that the designating party maintains as highly confidential in its business.

**5. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if designated in good faith as such. Such designation shall be specific as the portions of the transcript or any exhibit to be designated. Thereafter, the deposition transcripts and any those portions so designated shall be protected, pending objection, under the terms of this Order.

**6. Protection of Confidential and Highly Confidential – Attorneys Eyes Only Material.**

    **a.**     **General Protections.** Documents designated under this Order as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be used or disclosed by the parties, counsel for the parties or any other persons identified below for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a reasonable period after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

    **b.**     **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions ("copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents. If affixing the designation

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not feasible given the nature of the document or information produced, any such documents or information may be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by written agreement of the parties.

    **c.**    **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be governed by the Rules of Evidence.

    **d.**    **Limited Third-Party Disclosures of Confidential Material.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

    **1)**    **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

    **2)**    **Parties.** Parties and employees of a party to this Order.

    **3)**    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

    **4)**    Professional vendors and their employees, including database providers or discovery and copy service providers, retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings.

    **5)**    **Consultants, Investigators and Experts and Plaintiff's Spouse.** Consultants, investigators, or experts ("experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding and Plaintiff's spouse, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

    **6)**    **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

    **7)**    **Possible Witnesses.** Persons designated in good faith by counsel as possible witnesses. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement To Be Bound.

e. **Limited Third-Party Disclosures of Highly Confidential – Attorneys Eyes Only Material.** The parties and counsel for the parties shall not disclose or permit the disclosure of any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents to any third person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:

1) **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

2) **Original authors and recipients.** Any original author, addressee, or recipient of the "Highly Confidential - Attorneys' Eyes Only" document where the author, addressee, or recipient is evident from the face of the document.

3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions

4) Professional vendors and their employees, including database providers or discovery and copy service providers, retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings.

5) **Consultants, Investigators and Experts and Plaintiff.** Consultants, investigators, or experts ("experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding and Plaintiff provided it is shown in the presence of counsel, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

7. **Filing of Documents Under Seal.** To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any such information.

a. Before any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

  **b.** Where agreement is not possible or adequate, before a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY document is filed with the Clerk, it shall be filed in accordance with the Local Rules and practices of the Court.

  **c.** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material and documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above.

  **d.** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

 **8. Challenges by a Party to Designation.** Any designation is subject to challenge by any party or nonparty with standing to object ("party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

 **9. Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be by motion in accordance with the Local Rules and the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

 **10.** **Use at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or information derived therefrom, such party shall provide advance notice to the other party at least five days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11.     **Obligations on Conclusion of Litigation.**

　　a.     **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

　　b.     **Return of Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order, including copies as defined in this Order, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be protected under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents.

　　c.     **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under the Local Rules and the presiding judge's standing orders or other relevant orders.

13.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by counsel or the parties is subject to protection under Rule 26 of the Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

_____
Judge Timothy S. Black

2/21/2020
_____
Date


Agreed to by:

*/s/ Tyler Tarney*
Tyler Tarney           (0089082)
Mary Csarny           (0097682)
**GORDON REES SCULLY MANSUKHANI**
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
ttarney@grsm.com
ccsarny@grsm.com
*Attorneys for Defendant Modis, Inc.*


*/s/ Martin McHenry (per 2/14/2020 e-mail authority)*
Martin McHenry
414 Walnut Street, Ste 315
Cincinnati, Ohio 45202
martinm@mmchenrylaw.com
*Attorney for Plaintiff Nicholas King*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| NICHOLAS KING, | Case No. No. 1:19-cv-00848 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| MODIS, INC., | |
| Defendant. | |

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the Order solely for the purposes of the above-captioned action, and except in accordance with this Order not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job title: _____

Employer: _____

Address: _____

Signature: _____

Date: _____